**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BETH MAXWELL STRATTON, CHAPTER 7 BANKRUPTCY TRUSTEE FOR THE SGP BENEFIT PLAN, INC.,<br><br>        Plaintiff,<br><br>  v.<br><br>GLACIER INSURANCE ADMINISTRATORS, INC.; GLACIER INSURANCE ENTERPRISES, INC., et al.,<br><br>        Defendants. | 1:02-cv-6213 OWW DLB<br><br>JUDGMENT |

Given the parties' settlement agreements and their collective request for this Court's orders, injunctions and judgment, given that plaintiff's motion seeking such relief was unopposed, and given this Court's Findings of Fact and Conclusions of Law entered herein on November 22, 2006, the Court here orders judgment be entered as set out below:

IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. This Court's Findings of Fact and Conclusions of Law entered on November 22, 2006, in this case are incorporated in this judgment.

1

2. The settlements between Plaintiff (Beth Maxwell Stratton as Chapter 7 Bankruptcy Trustee of the SGP Benefit Plan, Inc., and as court-appointed Fiduciary for the SGP Benefit Plan and the SGP Benefit Plan Trust) and the following named individuals and entities upon their payments of the amounts indicated below are fair, adequate and reasonable and are approved by the Court as being in the best interest of the claimants, creditors, participants, and beneficiaries of SGP Benefit Plan, Inc. ("SGP"), the SGP Benefit Plan ("Plan") and the SGP Benefit Plan Trust ("Trust").

 A. From or on behalf of Sunkist Growers, Inc., a California membership cooperative and its former employee Ted Jones ("Sunkist"), $2,027,376.00.

 B. From or on behalf of defendants Brad Stark, Pierre Tada, Norma Spalding, Dick Neece, Sr., and William Wolhaupter ("Former Trustee Defendants"), $1 million plus interest thereon from and after January 11, 2005.

 C. From or on behalf of defendants Glacier Insurance Administrators, Inc., Glacier Insurance Enterprises, Inc., in its own name and doing business as Glacier Insurance Administrators, Fresno Agent Service Team, Inc., in its own name and doing business as Ben Mar Insurance Services, and Lawrence Thompson, $2 million plus interest thereon from and after January 6, 2005.

3. Once the time for appealing this order and judgment expires or an appeal is filed but results in final affirmation of this Court's order and judgment, Stratton shall petition this Court for release of the settlement funds and all interest accumulated thereon for her use in payment of expenses and claims

as provided below.  If an appeal is filed and an appellate court overrules this Court's entry of final judgment or remands the action to this Court for reconsideration in a way which effects a material change to the terms of any settlement, the settlement funds shall be returned to the settling parties and the Settlement Agreements between them and Stratton will be deemed void *ab initio* and of no effect.

    4.   Stratton shall distribute and pay out the settlement funds as follows:

        a.   To Stratton: for her services as Bankruptcy Trustee, $29,502.75; for her services as Independent Fiduciary, $38,752.50; as compensation for her employees' time, $3,650.00; and as reimbursement of expenses, $6,542.88.

        b.   To the Trucker Huss law firm for ERISA legal services rendered to Stratton, $48,746.26.

        c.   To Seng & Stratton for litigation services rendered to Stratton, $837,051.40.

        d.   To Janzen, Tamberi & Wong, accountants, the sum of $12,600.00.

        e.   To McCormick, Barstow, Sheppard, Wayte & Carruth, the sum of $945.00 for attorney services rendered.

        f.   To Law Office of Alyson Berg, the sum of $1,065.00 for attorney services rendered.

        g.   The fees previously paid to Healthcomp Third Party Administrators, Inc., in the sum of $222,623.52 are approved. Stratton also is authorized to pay to Healthcomp such additional, reasonable fees as are necessary to complete administration of Plan claims.

3

        h.   The remaining administrative expenses, both incurred and future-estimated, described in Stratton's Proposed Distribution in her Motion for Final Approval of Settlement, also are approved.

5.   The above payees are authorized to apply to this Court for payment of such fees and costs as were earned or incurred by them but not included in previously-filed applications for fees nor in the payments authorized above.  In addition, the above payees are authorized to apply to the Court for fees and costs incurred for future services.

6.   After payment of the above-approved fees and costs, and after setting aside funds to cover not-yet-approved and future estimated fees and costs, the balance of the funds produced through settlements shall be distributed pro rata to the claimants on the allowed amounts contained in Stratton's Notices to claimants as adjusted due to ongoing claims administration activities.

7.   If after payment of all fees, costs and expenses, a balance of at least $20,000 remains on hand, the remaining funds shall be distributed pro rata to each claimant; if there is less than $20,000 in remaining funds after paying all approved expenses, a further distribution would not be cost-effective, and so the excess will be deposited into the State of California Unclaimed Property Fund for disbursement in accordance with California Code of Civil Procedure section 1300, *et seq.*

8.   This Court hereby permanently bars and enjoins all Claimants, creditors, participants, and beneficiaries of SGP, the Plan or the Trust, recipients of settlement funds and others,

including those who filed claims in the the Bankruptcy Proceeding or were served with Stratton's notice of need to file a Proof of Claim and/or notice of the hearings on Stratton's motion for final approval of settlement,[1] from initiating or pursuing any claims or actions against SGP, Inc., SGP Benefit Plan, SGP Benefit Plan Trust and the Settling Parties relating in any way to SGP, Inc., SGP Benefit Plan or SGP Benefit Plan Trust, including, but not limited to, claims or actions relating to: the creation, operation, management, administration, marketing or failure of SGP, Inc., SGP Benefit Plan or SGP Benefit Plan Trust; the payment or non-payment of benefits or claims for services; or any promise, representation, contract or other activity related to SGP, Inc., SGP Benefit Plan or SGP Benefit Plan Trust.

      For purposes of this injunction, "Claimants" are defined to include, but not necessarily be limited to, all participants, beneficiaries, medical providers, employer groups, service providers, health providers and creditors of SGP, Inc., SGP Benefit Plan and/or SGP Benefit Plan Trust as well as any and all of their respective transferees, successors and assigns. "Claimants" shall also specifically include any and all persons, groups of persons, partnerships, entities, medical service providers, healthcare providers, employers, employer

---

[1] A list of all to whom to such notices were sent is attached to the Proofs of Service, dated July 14 and 17, 2006, on Stratton's Notice of Motion for Final Approval of Settlements, and in her November 15, 2006, Declaration of Service of Notice of Continued Hearing, all on file herein. A true copy of that list is attached marked Exhibit "A" and incorporated herein by this reference. Exhibit "A" need not be served.

organizations or other organizations who submitted claims or proofs of claims in the Bankruptcy Proceeding and/or Action; For the purposes of this injunction, the term "Settling Parties" is defined as follows: Glacier insurance Administrators, Inc., Glacier Insurance Enterprises, Inc., Fresno Agent Service Team, Inc., dba Ben Mar Insurance Services, Ben Mar Insurance Services, and Lawrence Thompson, and all of their officers, directors, shareholders, agents, employees, independent contractors, attorneys, accountants, advisors, consultants, insurers and other persons acting for, under or in concert with any of them; Sunkist Growers, Inc., Ted Jones, Brad Stark, Pierre Tada, Norma Spalding, Dick Neece, Sr. And William Wolhaupter;

The "Bankruptcy Proceeding" refers to the proceeding instituted on or about February 25, 2002, by SGP, Inc., in the United States Bankruptcy Court, Eastern District of California, Action No. 02-11653-A-7F.  The "Action" refers to the present Action pending in this Court.

9.    Each and every person and entity who accepts a check pursuant to the distribution plan in paragraph 6, above, is, by endorsing, cashing, or otherwise negotiating that check, hereby deemed to have agreed to, and will, be bound by the terms of the following:

> Each claimant releases and forever discharges SGP, the plan, the trust and the settling parties, and each of them, from any and all claims relating in any manner to SGP, the plan, or the trust and from the settling parties' acts, errors, conduct, administration, work, services or activities of any type relating in any manner to any of the foregoing, from the beginning of time until the final order of judgment and dismissal with prejudice is entered in this case.
>
> As part of the release, each such claimant further

understands and agrees that his/her/its claims may be different and/or greater than currently perceived. Nevertheless, each such claimant understands and agrees that this is a full and final settlement and release of all such claims that claimant may possibly have now or in the future against any of the settling parties. Each such claimant hereby knowingly and voluntarily waives all rights and/or benefits provided to him/her/it under section 1542 of the California Civil Code, and the comparable statutes of all other states. Said Civil Code section 1542 provides as follows:
A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which, if known by him must have materially affected his settlement with the debtors;"

10. Stratton's Final Report of Administration of Bankruptcy Trustee, set forth in her Motion for Final Court Approval of Settlements, is approved.

11. Once this Court's orders have become final and Stratton has paid SGP Benefit Plan, Inc., SGP Benefit Plan, and SGP Benefit Plan Trust costs and expenses and distributed settlement funds to the claimants and creditors and deposited all remaining undistributed funds into the California Unclaimed Property Fund as provided herein, Stratton shall report to the Court and all parties to this action that she has completed the distribution and seek this Court's order closing the SGP Benefit Plan, Inc., Bankruptcy Proceeding and terminating the SGP Benefit Plan, Inc., and SGP Benefit Plan, and SGP Benefit Plan Trust and discharging SGP and Stratton.

12. The terms of the parties' settlement agreements attached to Stratton's motion for final court approval are incorporated herein. The case is dismissed with prejudice. The court shall retain jurisdiction over all Claimants, creditors, participants and beneficiaries of SGP, the Plan, or Trust, the

7

1 | recipients of settlement funds and others, including those who
2 | filed claims in the Bankruptcy proceedings, or were served with
3 | Stratton's notice of need to file Proof of Claims and/or Notice
4 | of Hearing on Stratton's Motion for Final Approval of Settlement
5 | (including those individuals identified in Exhibit "A," attached
6 | hereto and incorporated herein), the Plaintiff and the settling
7 | parties, to ensure compliance with the terms of the settlement
8 | and the orders of this Court and to enforce all of the relief,
9 | including the permanent bar and injunctive relief, requested and
10 | granted in this case.

DATED: November 22, 2006.

/s/ Oliver W. Wanger
_____
Oliver W. Wanger
United States District Judge