UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES E. SALVEN, INDEPENDENT FIDUCIARY OF THE SGP BENEFIT PLAN & TRUST,<br><br>Plaintiff,<br><br>vs.<br><br>GLACIER INSURANCE ADMINISTRATORS, INC., ET AL.,<br><br>Defendants. | 1:02-CV-06213-LJO-GSA<br><br>**FINDINGS AND RECOMMENDATIONS RE: APPLICATIONS FOR APPROVAL OF FEES AND EXPENSES**<br><br>(ECF Nos. 222, 223, 224) |

**I.    INTRODUCTION**

James E. Salven ("Applicant") submits these applications as the court-appointed independent fiduciary for the SGP Benefit Plan and Trust ("The Plan"). Judgment was entered in this case on November 27, 2006 pursuant to a settlement between the parties. (ECF No. 176.) As part of that settlement, Beth Stratton, the independent fiduciary at the time, was required, among other things, to maintain records related to the action for a period of seven years after the case had been dismissed with prejudice. (Settlement Agreement ¶ 17, ECF No. 121-5.) The Court appointed Applicant to take Stratton's position as independent fiduciary after Stratton obtained new employment in 2010. (ECF No. 214.) Applicant has now concluded the bulk of his obligations and seeks fees for services rendered by his accountants, Janzen, Tamberi &Wong, his attorneys, Fear Law Group, P.C., and himself. These are Applicant's first and final applications for professional fees. The applications are unopposed.

1

## II.  BACKGROUND

The history of this litigation is set forth in great detail in numerous memoranda decisions issued by the district court, including a prior Findings of Fact and Conclusions of Law (ECF No. 175), and the order approving Stratton's second application for professional fees. (ECF No. 200.)   Thus, for the purpose of these applications, only a brief summary of the relevant facts is necessary.

The Plan, which was an employee welfare benefit plan under ERISA § 1002(1)(A), was created in 1990 to provide medical benefits to members and affiliates of Sunkist Growers, Inc. Glacier Insurance Enterprises, Inc. acted as administrators and consultants of the Plan. By 1999, the Plan began to show significant losses. The losses increased as time went on.

The California Department of Insurance investigated the Plan and directed that it stop accepting new insureds in July 2001. The Plan ceased operation in October of 2001. The United States Department of Labor conducted an exhaustive investigation into the Plan and eventually determined that there were as much as $10 million in medical claims against the Plan outstanding and unpaid as of the end of 2001.

On February 25, 2002, SGP, Inc. filed for protection under Chapter 7 of the United States Bankruptcy Code. On May 28, 2003 the court appointed Stratton as an independent fiduciary of the Plan.

On October 1, 2002 Stratton initiated litigation to recover the Plan's losses against Defendants. Stratton alleged causes of action for breach of fiduciary duties imposed by ERISA, misrepresentation, breach of contract, negligence, and engaging in prohibited transactions. All parties eventually reached a settlement agreement that received final approval on January 29, 2007. (ECF No. 185.) Applicant was substituted as independent fiduciary on January 10, 2011.

The case was reopened on April 22, 2014 so that Applicant could conclude his responsibilities as independent fiduciary, conduct a final accounting with the Court, and receive approval of his fee petitions. (ECF No. 218.) Applicant also received approval to hire Peter L. Fear, Esq., of the Fear Law Group, P.C., to assist him in these tasks before the Court.

Through these applications, Applicant seeks reimbursement for Fear Law Group, P.C., Janzen, Tamberi & Wong, and himself for past services rendered, as well as expected future expenses for the

duration of the case. The Court has previously approved Stratton's application for professional fees. (ECF No. 200.)

### III. STANDARD OF REVIEW

Fee provisions in proposed class action settlement agreements are subject to the court's scrutiny for fairness, reasonableness, and adequacy. *Staton v. Boeing Co.*, 327 F.3d 938, 963 (9th Cir. 2003). The court's task in reviewing negotiated fees is more limited than when fashioning fee awards from scratch, however. *Robbins v. Alibrandi*, 127 Cal.App.4th 438, 444 (2005). The court is simply to determine whether the negotiated fee is facially fair and reasonable. *Id*.

In calculating fees in civil class action suits, the district court has discretion to use either the percentage method or the lodestar/multiplier method. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998). Applicant has used the lodestar method in this case. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001), *quoting Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The resulting figure is known as the "Lodestar." The Court must thus consider "two factors: the reasonableness of the number of hours and the reasonableness of the hourly rate." *Yahoo!, Inc. v. Net Games, Inc.*, 329 F.Supp.2d 1179, 1182 (N.D. Cal. 2004). Previous decisions in the Eastern District of California have construed hourly rates between $250 -- $375 as reasonable. *Dolarian Capital, Inc. v. SOC, LLC*, No. 1:11-cv-00031-LJO-SAB, 2013 WL 1006071, at *3 (E.D. Cal. March 13, 2013).

### IV. DISCUSSION

Applicant (and Stratton before him) was authorized to submit applications to the Court "for payment of such fees and costs as were earned or incurred" but were not paid in the November 22, 2006 order. (ECF No. 176.) Applicant now seeks payment of fees incurred between October 15, 2010 and the present, as well as future expected fees for the remainder of this case. Specifically, Applicant has recorded expenses for actions taken in connection with his substitution into the case, administrative expenses overseeing the bank funds and records, and time spent maintaining the secure records facility required by the settlement agreement (and the later destruction of those records). Applicant anticipates

future expenses in the form of overseeing final distributions to claimants, filing a closing report, and potentially responding to inquiries from the claimants. In particular, Applicant requests fees comprising:

| Professional | Hourly | x | Total hours | = | Total fees |
|---|---|---|---|---|---|
| James E. Salven | $225.00 | x | 91.90 | = | $20,677.50 |
| Future Fees | $225.00 | x | 40.00 | = | $9,000.00 |
| **Total** | | **x** | **131.90** | **=** | **$29,677.50** |

Applicant also requests costs (past and future) for copies and mailing expenses in the amount of **$1,260.52**. These fees and costs are requested solely for Applicant. Applicant has attached billing summaries indicating the exact amount of time spent on each task (and on which dates each expense was incurred). Based on these summaries and the description of each category of services performed, these hours and fees are reasonable.

Applicant also submits an application requesting fees for his accountants, Janzen, Tamberi & Wong, who were previously retained by Stratton. (ECF No. 222.) The fees requested were incurred between December 6, 2010 and October 7, 2014, and include fees for the preparation of yearly tax returns for the employee benefit plan and annual reports. Specifically, the fees requested include:

| Professional | Hourly Rate | x | Total hours | = | Total fees |
|---|---|---|---|---|---|
| Christopher A. Ratzlaff (2010) | $165.00 | x | 1.30 | = | $214.50 |
| Christopher A. Ratzlaff (2011) | $170.00 | x | 13.30 | = | $2,261.00 |
| Christopher A. Ratzlaff (2014) | $185.00 | x | 18.60 | = | $3,441.00 |
| **Total** | | | | | **$5,916.50** |

Janzen, Tamberi & Wong does not report any costs. Applicant has attached an invoice describing the particular services billed, the dates the services were performed, and the hours expended on each task. Janzen, Tamberi & Wong's fees are reasonable.

Finally, Applicant submits an application requesting fees for his legal counsel, Fear Law Group, P.C. (ECF No. 224.) The fees requested were incurred between February 11, 2014 and the present and include anticipated future fees for the duration of the case. The invoices attached to the application indicate that the work performed includes analysis of the (extensive) case history, meeting with the Applicant to discuss legal strategy, preparation of the motion to re-open the case, and preparation of the present applications for professional fees. Future work includes oversight of the final distributions in the

case, assisting the Applicant with a final accounting and closing report, and any motion work necessary to close the case and terminate the Plan. In particular, the fees requested include:

| Professional | Hourly Rate | x | Total hours | | Total fees |
|---|---|---|---|---|---|
| Peter L. Fear | $310.00 | x | 45.00 | = | $13,950.00 |
| Katie Waddell | $115.00 | x | 17.20 | = | $1,978.00 |
| Future fees | $310.00 | x | 25 | = | $7,750.00 |
| **Total** | | | **87.20** | | **$23,678.00** |

Applicant also reports that the Fear Law Group, P.C. has incurred costs, including PACER fees, copying, and mailing expenses, in the amount of **$297.94**. Based on a review of the attached invoices and the descriptions of the work required in this case, these fees are reasonable.

## V. RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS that the Application for Approval of Professional Fees of Janzen, Tamberi & Wong (ECF No. 222), the Application for Approval of Fees and Expenses of James E. Salven (ECF No. 223), and the Application for Approval of Professional Fees and Expense of Fear Law Group, P.C. (ECF No. 224) be GRANTED. Specifically:

1. The Application for Approval of Professional Fees of Janzen, Tamberi & Wong be APPROVED in the amount of $5,916.50;
2. The Application for Approval of Fees and Expenses of James E. Salven be APPROVED in the amount of $30,938.02;
3. The Application for Approval of Fees and Expenses of Fear Law Group, P.C. be APPROVED in the amount of $23,975.94.

These findings and recommendations will be submitted to the district judge assigned to this case pursuant to the provisions of Title 28 of the United States Code section 636(b)(1). Within fifteen (15) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: __May 21, 2015__        __/s/ Gary S. Austin__
                                                    UNITED STATES MAGISTRATE JUDGE