# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES E. SALVEN, INDEPENDENT FIDUCIARY OF THE SGP BENEFIT PLAN & TRUST,<br><br>Plaintiff,<br><br>v.<br><br>GLACIER INSURANCE ADMINISTRATORS, INC., et al.,<br><br>Defendants. | Case No. 1:02-CV-06213-LJO-GSA<br><br>ORDER GRANTING MOTION TO TERMINATE SGP BENEFIT PLAN AND TRUST AND DISCHARGE JAMES E. SALVEN AS INDEPENDENT FIDUCIARY OF THE SGP BENEFIT PLAN AND TRUST<br><br>(Doc. 235) |

**I.     INTRODUCTION**

James E. Salven ("Salven"), Independent Fiduciary for the SGP Benefit Plan (the "Plan") and the SGP Benefit Trust ("the Trust"), has filed the pending motion for the Court to order the termination of the Plan and Trust and to discharge him as the independent fiduciary of the Plan and Trust. Doc. 235. Salven also submitted his final accounting and report as independent fiduciary of the Trust. *Id.*, Ex. 3. As no opposition was filed, the Court determined that this matter is suitable for resolution on the papers without oral argument, pursuant to Local Rule 230(g). Doc. 237. Having reviewed the record in this case, the Court will now GRANT the motion, terminate the SGP Benefit Plan and Trust, and discharge Salven as the independent fiduciary of the Plan and Trust.

**II.     BACKGROUND**

The lengthy history of this litigation is set forth in great detail in numerous memoranda decisions

1

issued by the district court, including a prior decision on the Findings of Fact and Conclusions of Law (Doc. 175), an order approving the application for attorney's fees filed by Salven's predecessor Beth Maxwell Stratton ("Stratton") (Doc. 185), and the order approving Stratton's second application for professional fees (Doc. 200). Thus, for the purpose of this motion, only a brief summary of the relevant facts is necessary.

The Plan, which was an employee welfare benefit plan under ERISA § 1002(1)(A), was created in 1990 to provide medical benefits to members and affiliates of Sunkist Growers, Inc. Glacier Insurance Enterprises, Inc. acted as administrators and consultants of the Plan. By 1999, the Plan began to show significant losses. The losses increased as time went on.

The California Department of Insurance investigated the Plan and directed that it stop accepting new insureds in July 2001. The Plan ceased operation in October of 2001. The United States Department of Labor conducted an exhaustive investigation into the Plan and eventually determined that there were as much as $10 million in medical claims against the Plan outstanding and unpaid as of the end of 2001.

On February 25, 2002, SGP, Inc. filed for protection under Chapter 7 of the United States Bankruptcy Code. On May 28, 2003 the Court appointed Stratton as an independent fiduciary of the Plan.

On October 1, 2002 Stratton initiated litigation to recover the Plan's losses against Defendants. Stratton alleged causes of action for breach of fiduciary duties imposed by ERISA, misrepresentation, breach of contract, negligence, and engaging in prohibited transactions. All parties eventually reached a settlement agreement that received final approval on January 29, 2007. Doc. 185.

On November 22, 2006, this Court issued Findings of Facts and Conclusions of Law regarding the settlements between Stratton and the various defendants. Doc. 175. The Court entered judgment on November 27, 2006. Doc. 176.

On January 10, 2011, Salven was substituted as independent fiduciary after Stratton obtained new employment in 2010. Doc. 214.

The case was reopened on April 22, 2014 so that Salven could conclude his responsibilities as independent fiduciary, conduct a final accounting with the Court, and receive approval of his fee petitions. Doc. 218. Salven also received approval to hire Peter L. Fear, Esq., of the Fear Law Group, P.C., to assist

him in these tasks before the Court.

On October 28, 2014, Salven submitted applications for the approval of fees and expenses. Docs. 222, 223, 224. Through these applications, Salven sought reimbursement for Fear Law Group, P.C.; Janzen, Tamberi & Wong, an accounting firm; and himself for past services rendered, as well as expected future expenses for the duration of the case. *Id.* Following the Magistrate Judge's recommendation that all three applications be granted (Doc. 233), the Court approved the three applications on June 10, 2015. Doc. 235.

On November 6, 2015, Salven filed the instant motion, requesting that the Court terminate the Plan and the Trust and terminate him as independent fiduciary. Doc. 235. In support of his motion, he submitted his sworn declaration (Doc. 235-2, "Salven Decl.") and the final accounting of receipts and disbursements (Doc. 235-3). The motion is unopposed. *See* Doc. 237.

**III.     DISCUSSION**

In its judgment, filed November 27, 2006, this Court ordered as follows:

> Once this Court's orders have become final and Stratton has paid SGP Benefit Plan, Inc., SGP Benefit Plan, and SGP Benefit Plan Trust costs and expenses and distributed settlement funds to the claimants and creditors and deposited all remaining undistributed funds into the California Unclaimed Property Fund as provided herein, Stratton shall report to the Court and all parties to this action that she had completed the distribution and seek this Court's order closing the SGP Benefit Plan, Inc., Bankruptcy Proceeding and terminating the SGP Benefit Plan, Inc., and SGP Benefit Plan, and SGP Benefit Plan Trust and discharging SGP and Stratton.

Doc. 176 ¶ 11.

Upon Salven's substitution as independent fiduciary, he received $113,927 as the remaining balance of Plan and Trust Funds. Salven Decl. ¶ 2. Salven has since distributed all funds of the plan and trust pursuant to the court-approved plan of distribution. *Id.* ¶ 4. Salven has included a 37-page accounting of receipts and disbursements that details transactions from October 29, 2010 to October 28, 2015. Doc. 235-3. The Plan's balance is now $0.00. *Id.*, p. 37. Therefore, as Salven has completed the disbursements in accordance with the Court's order, the Court finds it appropriate to grant Salven's motion, terminate the Plan and the Trust, and discharge Salven as independent fiduciary.

IT IS HEREBY ORDERED that:

1. Salven's final accounting and report is APPROVED;
2. SGP Benefit Plan is TERMINATED;

3. SGP Benefit Plan Trust is TERMINATED;

4. James E. Salven is relieved from further duties as the Independent Fiduciary of the SGP Benefit Plan & Trust and he is DISCHARGED, and his bond is released from further liability, except any liability which may have accrued during the time such bond was in effect for the estate in this case.

IT IS SO ORDERED.

Dated:  **December 9, 2015**          /s/ Lawrence J. O'Neill
                                      UNITED STATES DISTRICT JUDGE

5.

4